Date signed June 17, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CARLOS M. GARCIA, SR. | : | Case No. 09-11129PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| JANET M. NESSE TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 09-0591PM |
| | : | |
| CARLOS M. GARCIA, SR. | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

    Before the court is the Motion of Janet M. Nesse, Trustee, for summary judgment on her Complaint to deny the Debtor's discharge.  The Complaint is based upon 11 U.S.C. § 727(a)(4)(A) that provides:

> **11 U.S.C. § 727.  Discharge**
>     (a) The court shall grant the debtor a discharge, unless–
>         \*        \*        \*        \*
>     (4) the debtor knowingly and fraudulently, in or in connection with the case--
>         (A) made a false oath or account.

    It is conceded that the Debtor's Schedules and Statement of Affairs were false in numerous aspects.  First, the Debtor omitted scheduling $189,000.00 in debts owed to family

members. This omission constituted a material misstatement in that it deprived the Trustee of the opportunity to trace where those assets went, as well as to pursue an action under 11 U.S.C. § 727(a)(5) that provides:

> **11 U.S.C. § 727.  Discharge**
> (a) The court shall grant the debtor a discharge, unless–
>     *          *          *          *
> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

Next, the Debtor scheduled a 50% ownership in a corporation known as Garcia Corp., Inc. ("Garcia Corp."), contrary to the statement on his 2008 federal income tax return that he owned 100% of this entity. Debtor's explanation was contained in an affidavit filed with his opposition to the Motion for Summary Judgment ("Debtor's Affidavit") [D.E. #23-7], in which he asserted that, because his girlfriend, Jennifer Melvin, was still working for Coldwell Banker, he had to claim all transactions for the Garcia Corp. on his tax return. The scheduled value, and not the statement on his federal tax return, was accurate because Debtor wished to avoid a prohibition against Ms. Melvin's working for a competitor at the same time that she was employed by Coldwell Banker. The court need not reach the issue as to whether the doctrine of quasi estoppel applies. *Cf. In re Robb*, 23 F.3d 895, 898 (CA4 1994). Likewise, Debtor did not disclose the existence of the subsidiary of Garcia Corp., J. Melvin and Associates Premier Properties, and then misstated the activity of this entity during his deposition taken on April 19, 2010.

In his answer to Question 1 of his Statement of Financial Affairs, Debtor stated that he had no gross income for the years 2006 through 2008. Here again, the Debtor's statement was admittedly false. His explanation is that both he and his experienced counsel misunderstood the difference between net and gross income in that his business expenses exceeded his business income. In fact, Debtor had earned income as he conceded in the course of his deposition. Debtor lied as well when he was examined under oath at the meeting of creditors held pursuant to 11 U.S.C. § 341(a). Garcia Corp.'s subsidiary, contrary to Debtor's testimony that was later corrected by him, was engaged in business, operated a website and had several listings.

The purpose of 11 U.S.C. § 727(a)(4) is to insure that debtors produce reliable information. *In re Ball*, 84 B.R. 410 (BC Md. 1988). Failure to list as little as a $3,000.00 debt

owed by a friend has served as one of many fuses that can trigger the denial of discharge. *In re Hutchinson*, 328 B. R. 30 (BC W.D.N.Y. 2005). The leading case of *In re Chalik*, 748 F.2d 616, 618 (CA11 1984) sums up the jurisprudence that guides decisions in this area of bankruptcy law:

> "We glean further support from decisions of several circuits holding that detriment to the creditor need not be shown in order to bar discharge for making a false oath. *Farmers Co-Operative Association v. Strunk*, 671 F.2d 391, 396 (10th Cir.1982); *United States v. O'Donnell*, 539 F.2d 1233, 1237-38 (9th Cir.), *cert. denied*, 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976); *Willoughby v. Jamison*, 103 F.2d 821, 824 (8th Cir.), *cert. denied*, 308 U.S. 588, 60 S.Ct. 111, 84 L.Ed. 492 (1939). The subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property. *In re Steiker*, 380 F.2d 765, 768 (3d Cir.1967). *See also Metheany v. United States*, 365 F.2d 90, 93 (9th Cir.1966) ('material matter' refers not only to the main fact which is subject to inquiry, but also to any fact or circumstance which tends to corroborate the proof adduced to establish the main fact). The recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless business relationship or holding; such a defense is specious. *Diorio v. Kreisler-Borg Construction Co.*, 407 F.2d 1330, 1330 (2d Cir.1969). It makes no difference that he does not intend to injure his creditors when he makes a false statement. Creditors are entitled to judge for themselves what will benefit, and what will prejudice, them. *Morris Plan Industrial Bank v. Finn*, 149 F.2d 591, 592 (2d Cir.1945). *See Duggins v. Heffron*, 128 F.2d 546, 549 (9th Cir.1942). The veracity of the bankrupt's statements is essential to the successful administration of the Bankruptcy Act. *Diorio*, 407 F.2d at 1331" (footnote omitted).

*See also In re Duncan*, 562 F.3d 688, 695 (CA5 2009). The subsequent amendment of statements or schedules after their falsity is discovered does not negate the effect of the original fraud. *In re Sholdra*, 249 F.3d 380, 382 (CA5 2001); *Mazer v. United States*, 298 F.2d 579, 582 (CA7 1962); *Swicegood v. Ginn,* 924 F.2d 230, 231 (CA11 1991); *In re Costello*, 299 B.R. 882, 899-900 (B.C. N.D. Ill. 2003).

Debtor's statements here, if not fraudulently made, were made with such reckless disregard for the both the nature of the information sought and the accuracy required in completing his papers and answering questions that fraudulent intent is manifest. This requirement of accuracy is a small price to pay for the ability to be discharged from the legal obligation to repay $945,604.15 in unsecured debts and nearly a half million dollars in secured claims. These false statements were material in that they dealt with Debtor's business transactions and concerned the discovery of assets, regardless of their value. *In re Calder*, 907 F.2d 953, 955 (CA10 1990); *In re Tully*, 818 F.2d 106 110-111 (CA1 1987).

Given the falsity and materiality of the Debtor's statements, the record amply supports

the conclusion that the Trustee has made out a prima facie case. The burden shifts to the debtor to present evidence that he is innocent of the charged offense. *Farouki v. Emirates Bank Int'l, Ltd.* 14 F.3d 244, 249 n.16 (CA4 1994) (quoting *Matter of Reed*, 700 F.2d 986, 992-993 (CA5 1983)). The court must next determine if this adversary proceeding can be decided by summary judgment or whether the court must give the Debtor the opportunity to testify that the statements were not fraudulently and knowingly made. The determination of intent by its very nature is a factual issue. Debtor's Affidavit speaks of his beliefs regarding the amount of his ownership interest in Garcia Corp., confusion as to his tax return filing for 2008, his depression, and his inadvertent failure schedule the loans made to him by his family and friends as "personal loans", because he did not view them as such. If his testimony is believed, it might carry the day. In this case as in others wherein particular states of mind are at issue, summary judgment is seldom appropriate. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (CA4 1985). The Fourth Circuit instructs that, when disposition of a case turns, as here, on a determination of intent, the court must be particularly cautious in granting summary judgment, because resolution of the issue depends so much on the credibility of witnesses during direct and cross-examination. *Morrison v. Nissan Co., Ltd.*, 601 F.2d 139, 141 (CA4 1979). However, circumstantial evidence may be used to prove fraudulent intent, and sometimes "the cumulative effect of all the falsehoods together evidences a pattern of reckless and cavalier disregard for the truth [to support] fraudulent intent." *In re French*, 499 F3d 345 (CA4 2007) (quoting *In re Sholdra*, *supra*, 249 F.3d at 383). *See also In re Duncan*, *supra*, 562 F.3d at 695. Weighing all the factors in this case, the court concludes that an issue of material fact remains, namely, the Debtor's intent, that prevents the granting of the motion for summary judgment.

cc:

Janet M. Nesse, Stinson, Esq., Morrison Hecker LLP, 1150 18th Street, N.W., Ste. 800, Washington, DC 20036
Kimberly D. Marshall, Esq., 603 Post Office Road, Suite 209, Waldorf, MD 20602

**End of Memorandum of Decision**