Date signed November 08, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CARLOS M. GARCIA, SR. | : | Case No. 09-11129PM |
| | : | Chapter 7 |
| Debtor | : | |
| -------------------------------- | : | |
| JANET M. NESSE, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adv. Pro. No. 09-0591PM |
| | : | |
| CARLOS M. GARCIA, SR. | : | |
| Defendant | : | |
| -------------------------------- | : | |

**MEMORANDUM OF DECISION**

     This case came before the court for trial on a two-count Complaint filed by the Plaintiff, Janet M. Nesse, Chapter 7 Trustee of the bankruptcy estate of Carlos M. Garcia, Sr. (the "Trustee"), objecting to Debtor's discharge. The Trustee's case is based up the following sections of the Bankruptcy Code:

     **11 U.S.C. § 727. Discharge**

         (a) The court shall grant the debtor a discharge, unless--
              \*        \*        \*        \*
         (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
              (A) property of the debtor, within one year before

>   the date of the filing of the petition; or
>     (B) property of the estate, after the date of the filing
> of the petition[.]
>
> \*       \*       \*       \*
>
>     (4) the debtor knowingly and fraudulently, in or in connection with
> the case--
>     (A) made a false oath or account[.]

The Trustee's case consisted of several exhibits and testimony from one former associate of the Debtor, Scarlett Bowman. This witness had a close personal relationship with the Debtor, and this cause of action appears to have been galvanized by her communications, both orally and via email, to the Trustee. *See* Trustee's Exhibit No. 1. While the court might discount her testimony in part, because of personal animosity, there were no substantial factual disputes in their testimony, aside from fixing the date of their "breakup". The Debtor offered his testimony and that of his current business associate/personal friend, Jennifer Melvin, together with his book of exhibits.

The court finds that Debtor made numerous false oaths. He failed to list several creditors, including his parents Eusevio and Gregoria Garcia to whom he owed $125,000.00, Rene Garcia who was owed $7,500.00, and Mario Lazano who was owed $10,000.00. His Statement of Financial Affairs showed that he had received no income for the three years preceding the filing of his petition, but during his deposition, he testified that he earned approximately $61,000.00 in 2007 [Trustee's Ex. No. 24, p. 67]. Debtor also testified as to the loss of the property known as the Red Squirrel property at foreclosure sometime in 2008, as well as to the fact that this parcel had produced at least $2,000.00 in rental income for him in 2007. His Statement of Financial Affairs, however, does not list either the income received or the subsequent foreclosure. Debtor also contradicted himself by stating, on different occasions, that his ownership interest in Garcia Corp. was 50% (as listed on Schedule B), 51% (as stated during his deposition), or 100% (as stated on his tax returns).

As noted in *In re Laurie*, 2008 WL 886121 (B.C. Md. March 28, 2008):

> In order to be denied a discharge under § 727(a)(4)(A), "the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with the intent to defraud." *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251 (4th Cir.1987). Whether the debtor had the intent to defraud or deceive is a question of fact that the bankruptcy judge must ascertain from the facts and circumstances of the case. *Id. See also, Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir.1992) (In § 727(a)(4)(A) action, burden is on the plaintiff to prove that: (1) debtor

> made a statement under oath; (2) the statement was false; (3) debtor knew the statement
> was false; (4) debtor made the statement with fraudulent intent; and (5) the statement
> related materially to the bankruptcy case). These elements must be proven by a
> preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279 (1991).  False oaths
> sufficient to justify the denial of discharge include (1) a false statement or omission in the
> debtor's schedules or (2) a false statement by the debtor at the examination during the
> course of the proceedings. *Beaubouef* at 178.
>
> The purpose of this provision is to insure that debtors provide reliable information
> to those with an interest in the administration of the debtor's estate. *In re Kimberly
> Slatterly*, 333 B.R. 340 (D.Md.2005). . . . A material misrepresentation can occur either
> by omission or commission[.]"

*Id*. at 9.  In order for a falsehood or omission to be material, it need not result in detriment to creditors.  As pointed out in the seminal case of *In re Chalik*, 748 F.2d 616 (CA11 1984), "[t]he subject matter of a false oath is 'material' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence of and disposition of his property." *Id.* at 618 (citing *In re Steiker*, 380 F2d 765, 768 (CA3 1967)).  Debtor must make full disclosure of all assets including those that are seemingly worthless particularly if disclosure might lead to a discovery of assets. *See In re Mascolo*, 505 F.2d 274, 277-278 (CA1 1974).   *See also Scimeca v. Umanoff*, 169 B R 536, 543 (D. N.J. 1993) ("[E]xtreme carelessness of the debtor in filling out the Petition will not excuse a false oath.").

For the most part, the Debtor admitted the falsity of the statements referred to by the Trustee, but the primary thrust of his defense to this adversary proceeding is that, due to his mental condition, the perjurious statements were not knowingly and fraudulently made.[1] Debtor's mental condition was attributed to his pending divorce action, the foreclosure of his home, the possible repossession of his auto, and problems with his children, one of whom was said to be having legal difficulties in Seattle.  As the Trustee pointed out in her closing argument, however, many of these factors show up in the typical bankruptcy case but they do not operate to excuse a debtor from a full and frank disclosure of his affairs. These circumstances cannot and do not excuse his false statements.

The court finds that the Trustee, by a preponderance of the evidence, has proven through

---

[1] Debtor's explanation that the ownership interest shown on his tax return is solely for tax purposes is unavailing.

the Debtor's demonstrated reckless disregard for the truth that the Debtor had the requisite fraudulent intent to justify the denial of his discharge.  *See In re Duncan*, 562 F.3d 688, 695 (CA5 2009) ("[T]he cumulative effect of false statements may, when taken together, evidence a reckless disregard for the truth sufficient to support a finding of fraudulent intent[.]").  *See also Grogan v. Garner*, 498 U.S. 279, 286-287 (1991) (holding that preponderance of the evidence standard is the proper standard to be applied in nondischargeability actions).

An appropriate order will be entered.

cc:     Janet M. Nesse, 1150 18th Street, N.W., Ste. 800, Washington, D.C., 20036
        Carlos M. Garcia, 2705 Vista Court, Waldorf, MD 20601
        Kimberly D. Marshall, 603 Post Office Road, Ste. 209, Waldorf, MD 20602

**End of Memorandum of Decision**